Mike Arias (CSB #115385)
mike@aswtlawyers.com
Craig S. Momita (CSB #163347)
craig@aswtlawyers.com
M. Anthony Jenkins (CSB #171958)
anthony@aswtlawyers.com
**ARIAS SANGUINETTI WANG**
  **& TORRIJOS LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone:  (310) 844-9696
Facsimile:   (310) 861-0168

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MATA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC., doing business in California as TESLA MOTORS, INC.; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**NOTICE TO DEFENDANTS OF DUTIES TO RETAIN EVIDENCE:**

**TO ALL DEFENDANTS:** Note and adhere to your duties to retain, and

not delete or destroy, all documents, emails, databases, electronic records,

1
CLASS ACTION COMPLAINT

electronically stored information, and all other evidence that may be pertinent to this lawsuit, and to cease any destruction or deletion of such evidence that might otherwise take place in the ordinary course of your business or affairs.

Plaintiff TONY MATA ("Plaintiff") brings this action against Defendants TESLA, INC., doing business in California as TESLA MOTORS, INC. and Does 1 through 10 ("Defendants"), individually and behalf of all others similarly situated, and alleges upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

## **NATURE OF THE ACTION**

1. Plaintiff was employed by Defendants. Plaintiff brings this class action as a nationwide and California class action on behalf of current and former employees of one or more of the Defendants (collectively, the "Class" or "Class Members," inclusive of Plaintiff), against Defendants for various claims under statutory and common law arising from a data breach that resulted in the unauthorized disclosure, exfiltration and theft of Class Members' full name, date of birth, Social Security number and other personally identifiable information (collectively, "PII" or "personal

information"), including class claims for negligence, invasion of privacy and violations of California's Consumer Records Act ("CRA").

## PARTIES

2. Plaintiff is and was at all times mentioned herein a citizen and resident of the State of California, and at all relevant times was employed by Defendant TESLA, INC., doing business in California as TESLA MOTORS, INC., at its factory located in Freemont, California.

3. Defendant TESLA, INC. doing business in California as TESLA MOTORS, INC. is now and was at all times relevant to this complaint, a Delaware corporation operating in and under the laws of the State of California and conducting business throughout California.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005. Venue is proper in this district because Plaintiff resides in the County of Contra Costa and Defendants engage and perform business activities in and throughout this judicial district.  and many of the acts

committed by Defendants complained of herein occurred in this judicial district.

## DIVISIONAL ASSIGNMENT

5. Assignment to the San Francisco or Oakland Division is proper under Civil Local Rules 3-2(c) and 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Alameda County.

## FACTUAL ALLEGATIONS

6. At all times relevant, Defendants collected Class members' PII.

7. In approximately May 2023, the PII of the Class that Defendants collected was misappropriated by an unauthorized third party ("Data Breach").

8. On information and belief, Defendants, and each of them, failed to maintain proper industry-standard security measures for the protection of Plaintiff's and the rest of the Class Members' PII, failed to implement and maintain reasonable security measures to protect their Plaintiff's and the rest of the Class Members' personal information, failed to comply with common law and statutory duties regarding data protection including the California Consumer Privacy Act of 2018 (hereinafter, "CCPA"), California's Consumer Records Act, Cal. Civ. Code §§ 1798.81.5 (requiring reasonable data security measures) and 1798.82 (requiring timely breach notification), the FTC Act, 15 U.S.C. § 45, and California common law.

9. Defendants waited until August 18, 2023, to mail a letter to the Class to notify them of the Data Breach.

10. DOES 1 through 100, inclusive, are unknown to Plaintiff who sue such Defendants by use of such fictitious names. Plaintiff will amend this complaint to add the true names when they are ascertained. Plaintiff are informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. At all relevant times, all Defendants were and are legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs, unless otherwise indicated.

## CLASS ALLEGATIONS

11. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all members of the proposed Classes defined below.

12. **Class Definitions**. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff seeks to represent the following classes (collectively "Class" or "Classes") defined as:

   a. **Nationwide Class:** Each current and former employee of any of the Defendants.

b. **Nationwide Class:** Each current and former employee of any of the Defendants, who resides in California.

13. **Numerosity**. The members of the Class are so numerous, counting over 1 million, that joinder of all members would be impracticable.

14. **Commonality and Predominance**. There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These include, but are not limited to, the following:

   c. Whether Defendants were negligent in safeguarding the personal information of the Class;

   d. Whether Defendants' conduct violated the CRA and/or right to privacy; and,

   e. Whether, as a result of Defendants' conduct, Plaintiff and the Class were injured or damaged.

15. **Typicality**. Plaintiff's claims are typical of the claims of the Classes whose members sustained similar types of injuries arising out of the conduct challenged in this action.

16. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been

repeatedly found to be adequate to represent the interests of class members in other complex class actions.

17. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them. The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

## COUNT I

### NEGLIGENCE

Against All Defendants

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

19. Defendants had a duty to Plaintiff and the rest of the Class, or an obligation to conform to a certain standard of conduct to prevent, protect against and/or safeguard the PII from the Class Members, from being downloaded by an unauthorized third party. Defendants breached that duty, and that breach proximately caused the Plaintiff and the rest of the Class injuries and damages. Defendants further breached said duty by negligently,

carelessly, and recklessly collecting, maintaining, and controlling their customers' sensitive personal information and engineering, designing, maintaining, and controlling systems that exposed Plaintiff and the rest of the Class members' personal information of which Defendants had control and possession to the risk of exposure to unauthorized persons.

20.  Defendants were negligent per se based on their violation of California Civil Code sections 1798.82, et seq., and 1798.100, et seq., and the provisions of the California Constitution enshrining the right to privacy, by failing to inform Plaintiff and the Class of the access to their sensitive personal information by unauthorized persons expeditiously and without delay and failing to adequately safeguard this information from unauthorized access. The provisions of the California Civil Code and the California Constitution that Defendants violated were enacted to protect the class of Plaintiffs here involved from the type of injury here incurred, namely their right to privacy and the protection of their personal data, for which Plaintiff and the rest of the Class were within the class of persons and consumers who were intended to be protected by California Civil Code sections 1798.82, et seq.; 1798.100, et seq.; and the California Constitution.

21.  As a direct consequence of the actions as identified above, and the breaches of duties indicated thereby, unauthorized users gained access to,

exfiltrated, stole, and gained disclosure of the sensitive personal information of Plaintiff and the Class, causing them harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, privacy injuries associated with having their sensitive personal information disclosed, stress, anger, anxiety, and other special and general damages.

22. If the economic loss doctrine applies, Plaintiffs fall within one or more of the exceptions. Specifically, Plaintiffs have pled non-economic harm, that Defendants owed them an independent duty to safeguard their personal information, and/or that a special relationship existed between the parties.

## COUNT II

## VIOLATION OF THE CUSTOMER RECORDS ACT (CRA)

### [Cal. Civ. Code § 1798.82]

Against All Defendants

23. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

24. At all relevant times, Defendants were "businesses" under the terms of the CRA as sole proprietorships, partnerships, corporations, associations, financial institutions, or other groups, operating in the State of California that owned or licensed computerized data that included the personal information of Plaintiff and the Class.

25. At all relevant times, Plaintiff and the Class were "customers" under the terms of the CRA as natural persons who provided personal information to Defendants for the purpose of purchasing or leasing a product or obtaining a service.

26. By the acts described above, Defendants violated the CRA and California Civil Code section 1798.82 by allowing unauthorized access to customers' personal information and then failing to inform them when the unauthorized use occurred for weeks or months, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

27. As a direct consequence of the actions as identified above, Plaintiff and the Class have suffered incremental harm as a result of and arise from Defendants' delayed notification, and have incurred additional losses and suffered further harm to their privacy, including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the

loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed, that they would not have otherwise lost had Defendants immediately informed them of the unauthorized use.

28. As a result of Defendants' violations, Plaintiff and the Class are entitled to all actual and compensatory damages according to proof, to non-economic injunctive relief allowable under the CRA, and to such other and further relief as this Court may deem just and proper.

## COUNT III

## VIOLATION OF THE CALIFORNIA CONSTITUTION'S RIGHT TO PRIVACY

**[Cal. Const., art I, § 1]**

Against All Defendants

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth here.

30. The California Constitution provides:

"All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring,

possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." (Cal. Const., art. I, § 1.)

31. Plaintiff and the Class had a legally recognized and protected privacy interest in the personal information provided to and obtained by Defendants, including but not limited to an interest in precluding the dissemination or misuse of this sensitive and confidential information and the misuse of this information for malicious purposes such as the theft of funds and property.

32. Plaintiff and the Class reasonably expected Defendants would prevent the unauthorized viewing, use, manipulation, exfiltration, theft, and disclosure of their personal information and the unauthorized use of their accounts.

33. Defendants' conduct described herein resulted in a serious invasion of the privacy of Plaintiff and the Class, as the release of personal information, including but not limited to names, social security numbers, dates of birth, and other information could highly offend a reasonable individual. As a direct consequence of the actions as identified above, Plaintiff and the Class suffered harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds

and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on behalf of himself and the rest of the Class, against Defendants, and each of them, jointly and severally, as follows:

34. For general, special, actual and compensatory damages in an amount according to proof;

35. For punitive damages pursuant to California Civil Code section 3294(c)(3);

36. For pre-judgment and post-judgment interest;

37. For an award of attorneys' fees, costs, and expenses as authorized by applicable law; and,

38. For such other and further relief as this Court may deem just and proper.

//

//

//

# DEMAND FOR JURY TRIAL

Plaintiff, on behalf of themselves and the Class, demand a trial by jury on all issues so triable.

Dated: September 8, 2023          **ARIAS SANGUINETTI WANG & TORRIJOS LLP**

By: /s/ *Mike Arias*
 MIKE ARIAS
 CRAIG S. MOMITA
 M. ANTHONY JENKINS

Attorneys for Plaintiff